**Mac L. SHERWOOD et al., Plaintiffs,**

v.

**Robert BRADFORD et al., Defendants.**

**No. 65–930.**

United States District Court,
C. D. California.

June 7, 1971.

---

———◆———

Fadem & Kanner, Los Angeles, Cal., for plaintiffs.

Joseph A. Montoya, Richard L. Franck, Robert L. Meyer and Anthony J. Ruffolo, Jr., Los Angeles, Cal., for defendants.

### ORDER DENYING PLAINTIFFS' MOTION TO TAX COSTS AND FOR ATTORNEYS' FEES

HALL, District Judge.

The facts concerning the history of this litigation are amply set forth in Mr. Kanner's Affidavit filed January 20, 1971, and no purpose would be served in repeating them here.

I have read plaintiffs' brief and the authorities cited therein with great interest. I do not think there is any doubt that the efforts of plaintiffs' counsel produced the restriction in People ex rel. Dept. of Public Works v. Superior Court of Merced County, 68 Cal.2d 206, 65 Cal. Rptr. 342, 436 P.2d 342, on the untrammeled powers claimed by the California Highway Commission under California Streets & Highways Code, Sec. 104.1.

But the plaintiffs stipulated to the dismissal of the within case, which dismissal leaves the factual questions raised in the Complaint to be determined in the California *nisi prius* Court. As a result of the opinion in People ex rel. Dept. of Public Works v. Superior Court of Merced County, *supra*, the plaintiffs' counsel obtained the right to litigate those issues in the State court, which had previously denied plaintiffs that right. This case enabled this Court to keep the rights of plaintiffs more or less in status quo until the highest court in California could clarify the applicable California statutes and constitutional provisions. But, try as I might, I cannot convince myself that the plaintiffs herein prevailed in *this action* by *dismissing it*.

Local Rule 15(c) of this Court was drawn after many Judges hereof had considered it, and under its terms, and by logic, the plaintiffs are not the "prevailing party" under the stipulation of dismissal in *this* case. But this Order is not intended to be an indication that *no* situation could arise which would entitle the plaintiffs to recover costs and attorneys' fees.

The court is mindful of the many cases settled in this Court where defendants pay large sums of money on condition the action will be dismissed, so that defendants may thus avoid costs.

For the foregoing reasons plaintiffs' motion is denied.